IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Criminal Action No. 04-cr-00448-WDM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

JAVIER MORENO-BALBUENA,

     Defendant.

_____

**ORDER**
_____

     This matter is before me on the defendant's Motion for Return of Property seized during the execution of a search warrant.  Defendant seeks the return of currency, a Mexican driver's license, Mexican voter registration card, Mexican or Honduran birth certificate, and an "antecedentes no penales."

     The parties have filed their pleadings and hearing was held on July 7, 2006.  In addition to the evidence presented at hearing, I have reviewed the parties' plea agreement, the presentence investigation report submitted prior to defendant's sentencing and the return of the search warrant filed after completion of the search which includes an inventory of items seized.

     The government concedes that the driver's license and voter registration card were legitimate documents and does not challenge the validity of the "antecedentes no

penales." The government does assert that Honduran or Mexican birth certificates are counterfeit and Defendant did not challenge those assertions.

Special Agent Jeff Lemeke testified for the government and his testimony was uncontested. As defendant admitted in his plea agreement, he and others engaged in counterfeiting documents purporting to be alien registration cards in violation of 18 U.S.C. 1546(a). As part of the government's investigation of defendant, a controlled purchase of false documents was executed using marked currency. Based upon experience and practice, a search warrant was obtained for defendant's premises seeking equipment, documents, currency and other items related to the fabrication of false documents. During the search the above documents and cash were seized, $2,580 on the computer desk in the master bedroom and $215 on a coffee table in the living room. The seized cash included $700 of the marked currency in the controlled buy.

The parties stipulated that defendant's motion should be construed to be seeking relief under Fed. R. Crim. P. 41(g) for return of property seized during a search. The parties also agreed that it was the government's burden to show that the property seized was contraband not returnable to defendant. Although the government initiated administrative forfeiture procedures it acknowledges that it did not give defendant proper notice by mailing to his last known address when the government knew that defendant was in fact in custody.

Considering defendant's motion as a Rule 41(g) motion I find and conclude that the government has met its burden of proving by a preponderance of the evidence that

the seized currency was indeed contraband or the product of illegal activity.  The marked currency, together with the testimony of Agent Lemeke that cash is customarily found with false documents and computer paraphernalia in a false document trafficking enterprise, establish the currency was contraband.  Defendant's argument  that the cash was the product of selling used cars is not supported by any corroborative evidence.

I would also note that 18 U.S.C. § 983(e)(5) is the exclusive method to set aside a declaration of forfeiture and the defendant has not proved that it did not know or have reason to know of the seizure within sufficient time to file a timely claim.

Accordingly, I conclude that the Defendant's motion should be granted as to his driver's license, voter registration card and "antecedentes no penales" and denied as to the currency.

It is therefore ordered that the government return to Defendant his driver's license, his registration card and the "antecedentes no penales."  Defendant's motion is otherwise dismissed.

DATED at Denver, Colorado, on July 17, 2006.

BY THE COURT:


s/ Walker D. Miller
United States District Judge